UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------X
Steven Max,

                            Civil Action No.:_____

            Plaintiff,

      -against-                     **VERIFIED COMPLAINT**

Portfolio Recovery Associates, LLC,

            Defendant.
------------------------------------------------------X

      Now comes Plaintiff Steven Max (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Portfolio Recovery Associates, LLC (hereinafter referred to as " Defendant "), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA:

## PRELIMINARY STATEMENT

      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a resident of the State of New Jersey, Camden County.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant Portfolio Recovery Associates, LLC ("Portfolio Recovery") is a Delaware limited liability company conducting business from offices located at 120 Corporate Blvd Norfolk Virginia 23502.

6. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Plaintiff allegedly incurred a debt to General Electric Capital Corp. relating to a utility bill (referred to hereinafter as the "Alleged Debt").

10. Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

11. In or around March 2013, Plaintiff became aware of an item reported on his credit report by Defendant.

12. On or about March 14, 2013, Plaintiff sent a dispute letter to Defendant, requesting validation of the Alleged Debt (See letter, attached hereto and incorporated herein by reference as "Exhibit A").

13. Defendant received the letter via facsimile on March 20, 2013.

14. In or around June 2013, Defendant updated its item on Plaintiff's credit report.

15. Defendant willfully failed to update the Plaintiff's credit report as disputed to reflect the accurate status of the debt (See credit report, attached hereto and incorporated herein by reference as "Exhibit B")

16. Defendant left its wrongful and incomplete information on the credit reports despite its knowledge of the dispute.

17. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### FIRST CAUSE OF ACTION
**(Violations of 15 U.S.C §1692e)**

18. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

19. The Defendant's conduct violated 15 U.S.C. §1692e in that the Defendants used false, deceptive and misleading representation and means in attempt to collect a debt.

20. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692e(8))

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Defendant's conduct violated 15 U.S.C. §1692e(8) in that Defendant communicated false credit information about Plaintiff by failing to report that Plaintiff's disputed debt was disputed

23. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692e(10))

24. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "23" herein with the same force and effect as if the same were set forth at length herein.

25.     The Defendant's conduct violated 15 U.S.C. §1692e(10) in that the Defendants used false representation and deceptive means in attempt to collect the alleged debt.

26.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

27.     Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Steven Max demands judgment from the Defendant Portfolio Recovery Associates, LLC, as follows:

A.  For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2)(A):

B.  For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

C.  For a declaration that the Defendant's practices violated the FDCPA; and,

D.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
        January 7, 2014

                                        Respectfully submitted,

                                        By:  s/ Jerald Alan Belofsky
                                             Jerald Alan Belofsky, Esq.
                                        FREDRICK SCHULMAN & ASSOCIATES
                                        Attorneys at Law

5

Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053